Jose **AGUAYO, individually and on behalf of similarly situated persons, Plaintiffs,**

v.

**U.S. BANK, Defendant.**

Case No.: 08-cv-02139 W (BLM)

United States District Court, S.D. California.

Signed August 5, 2016

Andrew J. Ogilvie, Carol McLean Brewer, Anderson, Ogilvie & Brewer LLP, San Francisco, CA, Michael E. Lindsey, Law Offices of Michael E. Lindsey, San Diego, CA, for Plaintiffs.

James R. McGuire, Morrison and Foerster, San Francisco, CA, Sylvia Rivera, Morrison and Foerster LLP, Los Angeles, CA, for Defendant.

### ORDER REGARDING PROPER MEASURE OF RESTITUTION

Hon. Thomas J. Whelan, United States District Judge

Pending before the Court is the parties' briefing on whether Plaintiffs can recover Defendant U.S. Bank's profits stemming from the unlawfully obtained deficiency payments as restitution under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons discussed below,

the Court finds that Plaintiffs can recover such profits under the UCL [Doc. 192].

## I. PROCEDURAL BACKGROUND

On May 4, 2016, this Court granted Plaintiffs' motion for partial summary judgment and found that U.S. Bank's NOIs violated the Rees-Levering Act. (*May 4, 2016 Order* [Doc. 187] at 15.) Thereafter, the Court issued an order requiring the parties to propose dates for a pretrial conference. In response, U.S. Bank asserted that before the pretrial conference was held, the Court should determine whether under the UCL Plaintiffs are entitled to recover profits U.S. Bank earned from the deficiency payments collected from class members. (*Def.'s Submission Re. PTC* [Doc. 189] 1:14–17.) According to U.S. Bank, Plaintiffs' "theory is erroneous both as to (1) the threshold legal issue of whether the class can recover 'profits' as restitution under the UCL, and (2) the methodology for and calculation of U.S. Bank's profits." (*Id.* at 1:23–25.) U.S. Bank also asserted that resolution of the issue may eliminate the need for trial. (*Id.* at 1:11–13, 26–27.) Accordingly, on June 15, 2016, this Court issued a scheduling order allowing the parties to brief the issue. (*See Scheduling Order* [Doc. 192].)

## II. DISCUSSION

In their brief, Plaintiffs contend the UCL allows them to recover profits U.S. Bank earned on the deficiency payments it collected from class members. (*Pls.' Mem. of Facts* [Doc. 193] 1:2–7.) U.S. Bank asserts that restitution is limited to the return of Plaintiffs' deficiency payments. (*Def.'s Mem. of Facts* [Doc. 194] 1:1–12.) Despite U.S. Bank's contention to the contrary, California law clearly allows Plaintiffs to recover as restitution U.S. Bank's profits earned from the unlawfully collected deficiency payments.

In Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003), the California Supreme Court decided "whether disgorgement of profits allegedly obtained by means of an unfair business practice is an authorized remedy under the UCL where these profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest." Id. at 1140, 131 Cal.Rptr.2d 29, 63 P.3d 937. There, the Republic of Korea sought to purchase military equipment, and solicited bids from manufacturers. Plaintiff Korea Supply Co. ("KSC") represented one of the manufacturers and stood to earn a significant commission if its manufacturer's bid was accepted. The contract, however, was awarded to another manufacturer, who allegedly offered bribes and sexual favors to key Korean officials. Plaintiff therefore sued the manufacturer and sought to recover its profits as restitution under the UCL.

After evaluating the legislative history of the UCL, the California Supreme Court explained that "we find nothing to indicate that the Legislature intended to authorize a court to order a defendant to disgorge all profits to a plaintiff *who does not have an ownership interest in those profits.*" Korea Supply, 29 Cal.4th at 1147, 131 Cal.Rptr.2d 29, 63 P.3d 937. Because KSC did not have an ownership interest in defendant's profits, which came from the Republic of Korea, the Court held KSC could not seek nonrestitutionary disgorgement under the UCL. The Court, however, also reaffirmed that "[u]nder the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." Id. at 1148, 131 Cal.Rptr.2d 29, 63 P.3d 937.

After Korea Supply, the California Court of Appeals in Juarez v. Arcadia Fin., Ltd., 152 Cal.App.4th 889, 61 Cal.Rptr.3d 382 (2007) confirmed the availability of res-

titutionary disgorgement where defendant's profits stem from money unlawfully obtained from the plaintiffs. Like Plaintiffs here, Juarez involved a claim against a creditor for violation of the Rees-Levering Act based on the theory that the creditor's NOIs failed to comply with the Act's notice requirements. Plaintiffs therefore sought the return of their deficiency payments, as well as profits earned on those payments. Relevant to this case, plaintiffs appealed the trial court's denial of their motion to compel discovery regarding information on how the creditor maintained the wrongfully collected deficiency payments, and whether those funds earned profits. Id. at 895, 61 Cal.Rptr.3d 382. The appellate court concluded plaintiffs' discovery was proper because "plaintiffs arguably have an ownership interest in any profits [the defendant] may have gained through interest or earnings on plaintiffs' money that [the defendant] wrongfully held." Id. at 915, 61 Cal.Rptr.3d 382.

Korea Supply and Juarez clearly establish that under the UCL, a plaintiff may seek restitutionary disgorgement of defendant's profits to the extent plaintiffs can demonstrate an ownership interest in the funds. U.S. Bank nevertheless argues that Plaintiffs are not entitled to disgorgement because "U.S. Bank's purported profits on class members' deficiency payments were not earned as a result of any unlawful practice." (Def.'s Mem. Of Facts, 4:4–5.) But nothing in Korea Supply or Juarez supports U.S. Bank's assertion that plaintiffs must prove its profits were earned as a result of an unlawful practice, such as an unlawfully obtained return on equity. (Id. at 4:18–20.) Rather, the issue is whether Plaintiffs can demonstrate an ownership interest in the U.S. Bank's profits. Because the profits Plaintiffs seek to disgorge were earned on money U.S. Bank unlawfully took from class members, the Court finds Plaintiffs have demonstrated an ownership interest.

Additionally, contrary to U.S. Bank's argument, Plaintiffs have established that the profits were the result of an unlawful practice because U.S. Bank could not have earned the profits unless it unlawfully collected the deficiency payments. Thus, the Court finds that under California law, Plaintiffs are entitled to U.S. Bank's profits earned from the deficiency payments to the extent that Plaintiffs can produce evidence "permitting at least a reasonable approximation of the amount of the wrongful gain." See Uzyel v. Kadisha, 188 Cal. App.4th 866, 894, 116 Cal.Rptr.3d 244 (2010), citing §§ 51(4)(d) of Rest.3d Restitution and Unjust Enrichment.

### III. CONCLUSION & ORDER

For the reasons stated above, the Court finds Plaintiffs can recover U.S. Bank's profits as restitution under the UCL to the extent they can produce evidence permitting a reasonable approximation of the amount of the wrongful gain.

**IT IS SO ORDERED.**